HUGH PYKE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

1. One who assaults another with intent (but not premeditated design) to kill him, where the assault is accompanied by an act which if death had resulted therefrom would have constituted murder in the second degree under the statute defining that degree of unlawful homicide, is guilty of an assault with intent to commit the felony of murder in the second degree and not merely of an aggravated assault.

2. An indictment or information charging in sufficient language an assault with intent to commit the felony of murder in the first degree charges likewise an assault with intent to commit the felony of murder in the second degree and is sufficient to support a conviction for the latter degree of the offense.

3. An indictment or information for assault with intent to commit the felony of murder in the first degree need not allege in terms that the intent was to commit a felony, it being sufficient to allege that the assault was committed in pursuance of and from a premeditated design and intent unlawfully to kill and murder the party assaulted.

4. An indictment or information for assault with intent to commit the felony of murder in the first degree with a pistol, need not allege that the accused had and held the pistol in his hand, the allegation that he had and held the pistol being sufficient.

5. An indictment or information for assault with intent to commit the felony of murder in the first degree with a pistol, need not allege that the pistol was loaded, nor that defendant fired it, nor that the party assaulted was struck with the pistol or by a shot therefrom, nor that the pistol was a deadly weapon, nor that the assault was committed with intent to murder with a deadly weapon, nor that the pistol was used in such a manner as to constitute it a deadly weapon.

6. Section 2403, Rev. Stats., 1892, punishing assaults with intent to commit felonies does not require that the assault shall be made with a deadly weapon, nor that it shall be accompanied by a battery.

7. Though an indictment or information for assault with intent to commit the felony of murder in the first degree alleges a battery in addition to the other elements of the offense, the failure to prove such allegation does not affect the validity of the verdict finding defendant guilty of assault with intent to commit the felony of murder in the second degree.

8. If the party upon whom an assault with intent to commit the felony of murder was always known and called by the name alleged in the indictment or information in the county where the offense was committed, it is of no consequence that the name so alleged is an assumed name.

This case was decided by the court *En Banc*.

Writ of error to the Criminal Court of Record for Duval county.

The facts in the case are stated in the opinion of the court.

*B. C. Campbell* for plaintiff in error.

*W. H. Ellis,* Attorney-General, for the State.

CARTER, J.—In June, 1903, an information was filed in the Criminal Court of Record of Duval county charging that Hugh Pyke, the plaintiff in error, in Duval county on June 19th, 1903, "in the county and State aforesaid with a certain deadly weapon, to-wit: a pistol which he then and there had and held, in and upon one Camille Patterson with a premeditated design and intent her the said Camille Patterson then and there unlawfully to kill and murder, then and there an assault did make, and her the said Camille Patterson did then and there beat, bruise, wound and ill-treat contrary," etc.

In July, 1903, the defendant was tried and the jury rendered the following verdict: "We, the jury, find the defendant guilty of assault with intent to commit a felony, to-wit: murder in the second degree."

The defendant filed a motion in arrest of judgment and also a motion for a new trial. Both were overruled, and from the sentence imposed he sued out the present writ of error. The only errors assigned relate to the rulings upon these motions, and we will first consider the motion in

arrest. The grounds of this motion so far as they are insisted upon in this court may be stated as follows: 1st. There is no such offense under the laws of Florida as that mentioned in the verdict of the jury, and the court can not legally pass sentence upon the defendant.

2nd. The information is defective because it fails to allege matters as follows: that defendant committed a felony; that defendant held the pistol in his hand; that the pistol was loaded with gunpowder and leaden ball; that the pistol was shot, fired, exploded or discharged by defendant at or against any person; that defendant struck any person with the pistol; that defendant had an intent to kill and murder any one with a deadly weapon; that defendant committed an assault with a deadly weapon.

The first question presented under this assignment is whether there can be such an offense as that mentioned in the verdict. This is settled by the decision in *Knight v. State*, 42 Fla. 546, 28 South. Rep. 759, where it was distinctly held that if one assaults another with intent (but not premeditated design) to kill him, and the assault is accompanied by an act which if death had resulted therefrom would have constituted murder in the second degree under the statute defining that degree of unlawful homicide, the party committing the assault will be guilty of an assault with intent to commit the felony of murder in the second degree. In this connection it is insisted that there can be no such offense as an assault with intent to commit murder in the second degree because it is claimed the facts necessary to constitute that offense, as defined in the Knight case, would bring the case squarely within section 2402, Rev. Stats., 1892, defining and punishing aggravated assaults. We think, for reasons stated in *Williams v. State*, 41 Fla. 295, 26 South. Rep. 184, this contention is unsound.

It is further contended that an assault with intent to commit murder in the second degree, and an assault with intent to commit murder in the first degree, are separate and distinct offenses equal in grade, and that, therefore,

an indictment for the latter will not sustain a conviction for the former. Any unlawful homicide is a felony without regard to the degree, and the degrees are fixed merely for the purposes of grading the punishment. An assault with intent to commit murder is, therefore, an assault with intent to commit a felony, and an indictment charging the commission of an assault with intent to commit the highest degree of unlawful homicide likewise includes the charge of an assault with intent to commit the same felony in all its degrees, as the degrees do not constitute separate and distinct offenses, but merely degrees of the same offense or lesser offenses of the same nature, but necessarily included in the higher. See *Williams v. State, supra.*

We are asked to overrule the decisions in the two cases above referred to, but we see no good reason for supposing that they are erroneous.

The objections to the information will now be considered. It was unnecessary for the information to allege in terms that the defendant assaulted Camille Patterson with intent to commit a felony, as it otherwise sufficiently appears that such was the intent. The allegation is that the assault was made with a premeditated design and intent unlawfully to kill and murder Camille Patterson. This charges an assault with intent to commit murder in the first degree, and the court judicially knows that murder in the first degree is a felony. It was not necessary to allege that defendant held the pistol in his hand; the allegation that he "had and held it" is sufficiently definite in an indictment for this offense. Some authorities entirely dispense with the allegation that defendant "had and held in his hand" the weapon in indictments of this character, but it is unnecessary for us to express an opinion upon that question now. It was unnecessary to allege that the pistol was a deadly weapon or that it was loaded, or that it was fired, nor that Camille Patterson was struck with the pistol or by a shot therefrom, nor that the defendant intended to kill Camille Patterson with a deadly weapon. Much of the

argument upon these points is based upon the assumption that the assault must have been made with a deadly weapon, and that the indictment in order to show that the weapon was of this character must have alleged specific facts from which the court could see that the weapon was a deadly one, as that the pistol was loaded, and in the hand of defendant or fired or used in such a manner either by striking with it, or shooting with it as to demonstrate its deadly character. But the statute (sec. 2403, Rev. Stats. of 1892) does not require that the assault shall be made with a deadly weapon as has been frequently pointed out by this court, nor does it require that the assault shall be accompanied by a battery. There is, therefore, no necessity of alleging facts to show that the instrument used was a deadly weapon, nor that the party assaulted was actually struck by the defendant. *Peterson v. State,* 41 Fla. 285, text 289, 26 South. Rep. 709; *Knight v. State,* 44 Fla. 94, 32 South. Rep. 110; *Gray v. State,* 44 Fla. 436, 33 South. Rep. 295; *McDonald v. State,* 46 Fla. 149, 35 South. Rep. 72.

The other assignment of error requires us to review the sufficiency of the evidence to support the verdict. The court has carefully considered the evidence, and is unable to pronounce it insufficient. The jury has settled the question of credibility of the witnesses in favor of the State, and its finding has the approval of the trial judge. If the testimony of the prosecuting witness is true there can be no reasonable doubt of defendant's guilt. She testified that the defendant, who was drinking heavily, fired at her with a pistol at close range, and after several shots she fell down in fear and defendant turned away remarking that he had killed her. From her testimony the jury were justified in finding that the assault was committed in such a manner that had death ensued the accused would have been guilty of murder in the second degree and that the assault was made with homicidal intent. No testimony was introduced on behalf of the defendant, and the case rests upon the

47. Fla.—4

State's testimony alone. The prosecuting witness was corroborated in part by other witnesses, and while there are circumstances in evidence tending to affect her general credibility, we see no reason to doubt that the jury gave due weight to them in deliberating upon their verdict. Under these circumstances the court does not feel justified in saying that the trial judge abused his discretion in denying the motion for a new trial.

It is insisted that the testimony does not show a beating, bruising and wounding as alleged in the information, and that the name of the party upon whom the assault was committed was not proved. The allegation respecting the battery is not descriptive of the offense, nor does it constitute an essential element of the offense as we have shown. The failure to prove it, therefore, does not affect the validity of the verdict found. *State v. Dineen,* 10 Minn. 407; *State v. Lawry,* 4 Nev. 161. The prosecuting witness testified that her real name was not Camille Patterson, but that she had been known and called by that name alone ever since she had been in Duval county. She declined to state her real name. If she was known by the name of Camille Patterson in Duval county and by no other, which is clearly shown to be the case here, proof of that fact sustains the allegation of the name in the indictment. 2 Bishop's New Crim. Proc. sec. 65; *Reddick v. State,* 25 Fla. 112, 5 South. Rep. 704.

The judgment will be affirmed.

HOCKER, SHACKLEFORD and COCKRELL, JJ., concur.

WHITFIELD, J., disqualified, took no part in the consideration of this case.

TAYLOR, C. J., absent on account of sickness.