DREW FEAGLE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. The court gave the following instruction: "And if you should find from the evidence that the defendant, D. F., assaulted D. H. with intent to perpetrate any act imminently dangerous to another and evincing a depraved mind regardless of human life although without any premeditated design to effect the death of any particular individual then you should find him guilty of an assault with an intent to commit murder." *Held*, this instruction to be error because it omits the requirement that there must have been an intent to kill on the part of the defendant and only requires an intent to perpetrate any act imminently dangerous to another and evincing a depraved mind regardless of human life.

2. Whoever unlawfully assaults another with an intention to kill him but not from a premeditated design to effect his death, and the assault is accompanied by an act imminently dangerous to another and evincing a depraved mind regardless of human life is guilty of an assault with an intent to commit murder in the second degree.

3. If an assault be committed unlawfully and with an intent to take life, but not from a premeditated design to take life, and not by any act imminently dangerous to another and evincing a depraved mind regardless of human life, it would be an assault with an intent to commit manslaughter.

4. An instruction that permits the jury to discard so much and such parts of the evidence as is deemed *"worthy of belief"* is erroneous.

This case was decided by Division B.

Writ of Error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*J. B. Hodges* and *A. J. Henry,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

PARKHILL, J.—The plaintiff in error, Drew Feagle, was indicted for an assault upon one D. P. Haltiwanger from a premeditated design to effect his death. Upon trial, the defendant was convicted of an assault with intent to murder. He was sentenced to a term of two years in the state prison and seeks relief here by writ of error.

The error assigned is the denial of the motion for new trial.

One ground of the motion for new trial urges error

in the following instruction, which forms part of the court's general charge, to-wit: "And if you should find from the evidence that the defendant, Drew Feagle, assaulted David Haltiwanger with intent to perpetrate any act imminently dangerous to another and evincing a depraved mind regardless of human life although without any premeditated design to effect the death of any particular individual then you should find him guilty of an assault with intent to commit murder." This portion of the general charge is erroneous because it omits the requirement that there must have been an intent to kill on the part of the defendant, and only requires an intent to perpetrate any act imminently dangerous to another and evincing a depraved mind regardless of human life. This instruction erroneously permits the jury to find the defendant guilty of an assault with intent to commit murder upon proof that he assaulted Haltiwanger *with intent to perpetrate any act imminently dangerous to another and evincing a depraved mind regardless of human life,* instead of requiring proof that the accused committed the assault *with intent to take life.*

Upon indictments for assault with intent to commit any of the grades or degrees of unlawful homicide, it is not sufficient to show that the killing, had it occurred, would have been unlawful and a felony; but it must be found that the accused committed the assault with intent to take life, in order to sustain a conviction for an assault with intent to commit a felony. Williams v. State, 41 Fla. 295, 26 South. Rep. 184; Knight v. State, 42 Fla. 546, 28 South. Rep. 759; Pyke v. State, 47 Fla. 93, 36 South. Rep. 577.

In Knight v. State, *supra,* this court held: "Where one assaults another with intent (but not a premeditated design) to kill him, and the assault is accomplished by an act which, if death had resulted therefrom, would have constituted murder in the second degree, under

statute defining this degree of homicide, the party committing the assault will be guilty of an assault with intent to commit the felony of murder in the second degree; but if there be no intent to kill, the party committing the assault cannot be convicted for an assault with intent to commit a felony, even though the circumstances are such that, had the party assaulted died, the party committing the assault would have been guilty of murder in the second degree"

If the defendant, in the instant case, unlawfully assaulted David Haltiwanger with an intent to kill him, but not from a premeditated design to effect his death, and the assault was accomplished by an act imminently dangerous to another and evincing a depraved mind regardless of human life the defendant would be guilty of an assault with intent to commit murder in the second degree.

Another ground of the motion for new trial urges error in the following instruction: "Our law says a man is guilty of an assault with intent to commit manslaughter, when he commits an assault with intent to commit any other felony other than the highest grade of an assault with intent to commit murder." This instruction is confusing and erroneous. If the assault was committed unlawfully, and with an intent to take life, but not from a premeditated design to take life, and not by any act imminently dangerous to another and evincing a depraved mind regardless of human life it would be an assault with intent to commit manslaughter.

Exception is taken by the motion for new trial to this portion of the general charge: "If you find a conflict in the evidence you should reconcile it if you can, but if you find that impossible then you are authorized to discard so much and such parts thereof as you deem worthy of belief." This instruction is erroneous in that it permits the jury to discard so much and such parts

of the evidence as is deemed worthy of belief. Of course the learned judge intended to use the word "unworthy" instead of the word "worthy," but we cannot presume that the error in the instruction was cured by the instruction being read to the jury as the court undoubtedly intended to write it, because there is nothing in the record to suggest that the charge was not read as it is written, and this error was called to the attention of the court by the motion for new trial, and the entire charge was written out by the court. However, this can be corrected at the next trial of the case.

As there must be another trial of this case, we will not express an opinion as to the sufficiency of the evidence to support the verdict rendered herein, further than to say that there is very slight evidence, if any, to show that the defendant acted from a premeditated design to effect the death of the party assaulted. From his own statement, however, the defendant's conduct was unjustifiable.

Judgment is reversed.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.