R. PERCY JONES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 26, 1913.

1. Upon a trial for shooting with intent to murder, evidence that eye-witnesses, immediately after the shooting, replying

to questions of the actor, stated that it was not accidental but intentional, is not error, when these witnesses testify to the facts upon the stand.

2.  A witness may identify the time or sequence of an event by reference to an occurrence, in the nature of a remark, that may have effected the event.

3.  Upon a plea of accidental shooting, recent threats by the defendant are admissible.

4.  While "an intent to kill" is an essential element of the crime of assault with intent to commit murder in the second degree, the facts of the case may give the "intentional shooting" of a human being, the same meaning.

Writ of error to Criminal Court of Record of Hillsborough County; H. C. Gordon, Judge.

Judgment affirmed.

*Dickenson & Dickenson,* and *H. P. Bailey,* for Plaintiff in error;

*T. F. West,* Attorney General, and *C. O. Andrews,* for the State.

COCKRELL, J.—For shooting his wife's sister Maud Nichols, through the body in a room of a hotel in Tampa, R. Percy Jones was convicted of an assault with intent to commit murder in the second degree and sentenced to a term of five years in the State's prison.

The only eye-witnesses to the shooting were Jones, his wife and the sister-in-law, but immediately upon hearing the shot and the cries, several other guests of the hotel rushed into the room. In this state of confusion, Jones called first upon the wounded woman and then upon his

Jones v. State—Opinion of Court.

wife to say that the shooting was accidental, but each in turn denied that it was an accident and stated that it was intentional.

Several errors are assigned upon the court's permitting testimony as to these remarks, but upon the whole record the assignments are not sustained. The accused himself invoked the remarks, in an unsuccessful effort to make evidence for himself, and too the wife and sister both testified on the stand to the same effect, the wife swearing that the husband, just before firing, aimed the pistol at her sister's heart, and the bullet's course indicated that the mark was not missed greatly.

Miss Nichols was asked on cross-examination, how long is was after the shooting before Jones began pulling his hair and saying "My God, I have hurt my little sister." Evidently an attempt to prove that the action and outcry was spontaneous. She answered it was not until Pellica, the night clerk of the hotel, flew at him in a rage and said, "Percy Jones, you are up to such tricks as this." Pellica subsequently testified that he did not make the remark.

It is argued that the answer was not responsive to the question, and that it involved the reputation of the accused, not an issue in the case. The court suffered the answer to stand as identifying the time or sequence, and to this extent certainly it was admissible. No proper effort was made to cull out the objectionable portions of the answer, and we find no reversible error in the ruling.

Testimony of a threat by Jones to kill, made the night preceding the shooting was admitted without objection; subsequently a motion to strike upon the ground of indefiniteness was denied. It is argued here that the testimony should have been stricken on yet another ground.

The rule of law rejecting threats relied on has reference to a plea of self-defense.

The only real issue as presented by the evidence, and that is but slight, coming only from the defendant himself, who was drinking at the time and could have had but a confused memory of what took place, is the issue as to whether he intended to kill Maud Nichols.

The specific charge given by the court as to the elements of the crime for which Jones stands convicted, while not so faulty as the one quoted in the Feagle case, 55 Fla. 13, 46 South. Rep. 182, is lacking in that it omits the element of an intent to kill; see also Knight v. State, 42 Fla. 546, 28 South. Rep. 759, and Pyke v. State, 47 Fla. 93, 36 South. Rep. 577. We must, however, take the charges as a whole, and in another instruction, the court directed the jury to acquit if they had a reasonable doubt whether Jones shot Maud Nichols accidentally or intentionally. The pistol used was a forty-four and at close range, and under all the circumstances of this case, we cannot see how any jury as reasonable men, could consider any other issue, the question of premeditated design being already eliminated.

There can be no doubt that the evidence amply warranted the verdict, and the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.