LEONARD JARMAN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

### Opinion Filed July 26, 1919.

Under the statute which provides that a verdict of guilty of an offence lesser in degree, but included within the offence charged, shall not be set aside on the ground that it is contrary to the evidence, if the evidence would have supported a verdict of guilty of the greater offence, a verdict of guilty of assault with intent to commit murder in the second degree, upon the charge of assault with intent to commit murder in the first degree, will be sustained if the evidence shows an assault with intent to commit murder in the first degree or in the second degree as defined by the statute, since the latter offence is regarded as being included in the former.

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Judgment affirmed.

*Thomas E. Walker,* for Plaintiff in Error;

10—Vol. 78

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WHITFIELD, J.—Upon an indictment charging an assault with a premeditated design and intent to kill and murder Dave C. Jones, Leonard Jarman was found "guilty of an assault with intent to murder in second degree," and on writ of error taken to a sentence on the verdict, it is contended that the evidence does not sustain the verdict.

There is evidence of a personal difficulty between Dave C. Jones and Leonard Jarman. A witness testified: "they stood and talked awhile and Dave looked up at me, and as he did Leonard struck him with that stick and knocked him off in the edge of the ditch. Dave was not making any advance on him at the time he hit him; he looked up at me to make a remark, and when he did Leonard peeled him with the club. The club was about four feet long and about two and a half inches in diameter. I took Jones away from there; I thought Leonard had just about killed him, and I went and picked him up and Leonard went off down the road."

This and other testimony adduced afford a legal basis for the verdict, and it does not appear that the jury were not governed by the evidence in making their finding. See Pyke v. State, 47 Fla. 93, 36 South. Rep. 577; Revels v. State, 33 Fla. 308, 14 South. Rep. 821; Williams v. State, 65 Fla. 367, 61 South. Rep. 829; Jones v. State, 66 Fla. 79, 62 South. Rep. 899; Griffin v. State, 72 Fla. 79, 72 South. Rep. 474; Hawthorne v. State, 72 Fla. 524, 73 South. Rep. 590; Long v. State, 42 Fla. 612, 28 South. Rep. 855. Golding v. State, 26 Fla. 530, 8 South. Rep. 311, relied on for the plaintiff in error is not apposite since

the enactment of Section 4007, General Statutes, 1906, Compiled Laws, 1914. McCoy v. State, 40 Fla. 494, text 506, 24 South. Rep. 485.

Judgment affirmed.

TAYLOR, ELLIS AND WEST, J. J., concur.

BROWNE, C. J., dissents.

BROWNE, C. J., dissenting.—The testimony quoted in the opinion, is that of Dr. Booth, a most substantial citizen of Jackson County. The portion of his testimony preceding the quoted part is as follows:

"I was coming along the road in a car and Jones was on his mule and waived me down to stop, and I stopped and asked what he wanted, and he said, 'See that fellow standing there with a big stick, he has been running me up and down the road all day,' and Leonard Jarman came up and picked up a stick and said, 'Here is another stick that fellow cut to hit me with,' and Dave remarked says, 'I throwed it down and let you alone and you followed me up,' and he said, 'You and Tom have been following me up all day,' and said, 'Here is Dr. Booth, and if nothing else will do you, we will pull off a fair fight,' or something to that effect, and Leonard remarked, 'I don't want to fight,' and Dave said, 'I don't either, I said, 'I don't see any use of any fight,' I said, 'The best thing to do, Dave, is to go on home, you had no business getting off your mule, and there is no necessity for a fight.' "

Murder in the second degree is, "The unlawful killing of a human being when perpetrated by an act imminently dangerous to another and evincing a depraved mind re-

gardless of human life, although without any premeditated design to effect the death of any particular individual."

From all the evidence in the case the jury could well have found the defendant guilty of assault with intent to commit murder in the first degree; or from Dr. Booth's testimony alone, of aggravated assault.

Unless we are to regard "murder in the second degree" as only a lesser degree of "murder in the first degree"—in which case we must ignore the peculiar character of the acts which the statute requires to constitute murder in the second degree—there is nothing in the testimony to warrant the conviction of the defendant of assault with intent to commit murder in the second degree.

I believe the statute was intended to reach a rare and peculiar class of homicides, and not every homicide perpetrated without a premeditated design.

As I do not believe that the particular verdict rendered in this case was warranted by the evidence, I think the judgment should be reversed.