BERT M. THOMAS, *Plaintiff in Error*. v. THE STATE OF
FLORIDA, *Defendant in Error*.

Opinion Filed January 26, 1923.

1. In a prosecution for an assault by T. with intent to murder
R., whose proffered testimony as to a subsequent assault by
R. on T. made a few minutes after the assault of T. on R., is
not part of the *res gestae* of the assault made by T. on R., it
is not error to exclude it.

2. The gist of the offense defined by Section 6053 Revised Gen-
eral Statutes, 1920, is an assault on another with intent to
commit felony. The particular felony intended to be com-
mitted is alleged in order that the defendant may be duly
advised of "the nature and cause of the accusation against
him" as is required by Section 11 of the Declaration of Rights
of the State Constitution and so that an appropriate penalty
may be imposed as required by the statute.

3. If upon a charge of assault with intent to commit murder in
the first degree, a verdict of guilty of assault with intent to
commit murder in the second degree, is an acquittal of an
assault with intent to commit murder in the first degree, the
penalty for each is the same, and on a subsequent trial that
is expressly confined to an assault with an intent to commit
murder in the second degree, an intent to commit the felony
must be shown to accompany the assault; and in proving the
intent, it may not be error to admit evidence of the circum-
stances incident to the assault that may tend to show a pre-
meditated design to kill as well as an intent to kill by perpe-
trating an act imminently dangerous to another and evincing a
depraved mind regardless of human life, although without any
premeditated design to kill any individual.

4. Where under a proper charge an assault upon another person
is shown to have been made with an intent to kill such per-
son, and the assault is perpetrated by an act or is accompanied
by an act, that is imminently dangerous to another person,

which act evinces a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, the party committing the assault may be found guilty of an assault with intent to commit murder in the second degree, even though the assault and the acts accompanying it and the circumstances incident to the assault may also tend to show a premeditated design on the part of the person making the assault, to effect the death of the person assaulted, and even though the defendant had, under the same charge, previously been found guilty of an assault with intent to commit murder in the second degree, and such prior finding had been set aside, which prior finding is claimed to be in legal effect an acquittal of the charge of an assault with intent to commit murder in the first degree.

5. Evidence is not inadmissible merely because some of its elements or interwoven facts tend to prove more than is necessary on the issue being tried, when the unnecessary elements or parts are not readily separable and their admission is, considering the entire case, not prejudicial to the rights of the complaining party.

6. An assault with intent to kill, that is done by an act or that is accompanied by an act that would constitute murder if a homicide had resulted from the act, is the perpetration or accomplishment of an assault with intent to commit murder.

7. A judgment will not be reversed for technical errors in rulings on testimony or in giving or refusing charges, where the rulings could not reasonably have prejudiced the defendant, and there is ample evidence to sustain the verdict with no material errors of law or procedure appearing in the record.

A Writ of Error to the Circuit Court for Leon County; E. C. Love, Judge.

Judgment affirmed.

W. J. Oven and W. B. Davis, for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant Attorney General, and *Fred H. Davis,* for the State.

WHITFIELD, J.—The indictment herein alleges that Bert M. Thomas "with force and arms at and in the county of Leon aforesaid, in and upon one G. W. Rhodes then and there being with a certain deadly weapon, to-wit: A shotgun, with which he, the said Bert M. Thomas, was then and there armed and then and there in his hands and held feloniously and from a premeditated design to effect the death of the said G. W. Rhodes an assault did make with the intent and premeditated design the said G. W. Rhodes then and there with the said shot gun so had and held as aforesaid feloniously and from a premeditated design to effect the death of the said G. W. Rhodes him the said G. W. Rhodes to kill and murder."

A plea of not guilty was filed and at a trial the defendant was found "guilty of assault with intent to commit murder in the second degree." This verdict was set aside by the trial court in granting a new trial. On another trial which was expressly confined to an assault with intent to commit murder in the second degree and to lower degrees of unlawful assaults, the defendant was found "guilty of an assault with intent to commit murder in the second degree." A judgment of conviction was entered thereon and the defendant was sentenced to confinement in the State prison for the period of six years.

A writ of error was taken and errors are assigned on the admission and rejection of testimony, on the charges given and refused, and in denying a motion for new trial upon grounds including one that the verdict is contrary to the evidence.

It appears from the evidence that the defendant went upon the premises of the person alleged to have been assaulted carrying a shot gun; that when the person assaulted came upon the premises the difficulty occurred; and there is evidence warranting a finding, as an element of the verdict, that the defendant was the aggressor and that he made the assault under circumstances that if death had ensued from the shot fired by the defendant at the person assaulted, the defendant would have been guilty of murder in the second degree. The court excluded proffered testimony for the defendant tending to show that several minutes after the assault and when the defendant was returning to or had returned to his own premises, the prosecuting witness shot at and wounded the defendant. While this proffered testimony may show unlawful acts by the prosecuting witness and indicate resentment on the part of the prosecuting witness towards the defendant because of the assault that had been made upon him, or may indicate the feeling of such prosecuting witness towards the defendant, the testimony would not tend to show excuse or justification for the unlawful assault that had been accomplished by the defendant. It was not a part of the *res gestae,* and, under the facts in evidence on the issue being tried, no error was committed in excluding it.

Section 6053 Revised General Statutes, 1920, is as follows: ''Whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life, shall be punished by imprisonment in the State prison not exceeding twenty years. An assault with intent to commit any other felony shall be punished to an extent not exceeding one-half of the punishment which could have been inflicted had the crime been committed.''

The gist of the offense defined by the quoted statute is an assault on another with intent to commit a felony. The particular felony intended to be committed is alleged in order that the defendant may be duly advised of "the nature and cause of the accusation against him" as is required by Section 11 of the Declaration of Rights of the State Constitution and so that an appropriate penalty may be imposed as required by the statute. An assault with intent to commit murder in the first degree and an assault with intent to commit murder in the second degree are each an assault with intent to commit a felony, and as murder in the first degree is "punishable by death," and murder in the second degree is punishable by imprisonment for life, the maximum penalty for each of such assaults with intent to commit murder in the first or second degree is under the statute the same viz: "imprisonment in the State prison not exceeding twenty years." If upon a charge of assault with intent to commit murder in the first degree, a verdict of guilty of assault with intent to commit murder in the second degree, is an acquittal of an assault with intent to commit murder in the first degree, the penalty for each is the same and on a subsequent trial that is expressly confined to an assault with an intent to commit murder in the second degree, an intent to commit the felony must be shown to accompany the assault; and in proving the intent, it may not be error to admit evidence of the circumstances incident to the assault that may tend to show a premeditated design to kill as well as an intent to kill by perpetrating an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to kill any individual. See Knight v. State, 42 Fla. 546, 28 South Rep. 759; Williams v. State, 41 Fla. 295, 26 South. Rep. 184;

Pyke v. State, 47 Fla. 93, 36 South Rep. 577; 6110 Rev. Gen. Stats. 1920.

Where under a proper charge an assault upon another person is shown to have been made with an intent to kill such person, and the assault is perpetrated by an act or is accompanied by an act, that is imminently dangerous to another person, which act evinces a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, the party committing the assault may be found guilty of an assault with intent to commit murder in the second degree, even though the assault and the acts accompanying it and the circumstances incident to the assault may also tend to show a premeditated design on the part of the person making the assault, to affect the death of the person assaulted, and even though the defendant had, under the same charge, previously been found guilty of an assault with intent to commit murder in the second degree and such prior finding has been set aside, which prior finding is claimed to be in legal effect an acquittal of the charge of an assault with intent to commit murder in the first degree. Evidence is not inadmissible merely because some of its elements or interwoven facts tend to prove more than is necessary on the issue being tried, when the unnecessary elements or parts are not readily separable and their admission is, considering the entire case, not prejudicial to the rights of the complaining party.

An assault with intent to kill, that is done by an act or that is accompanied by an act that would constitute murder if a homicide had resulted from the act, is the perpetration or accomplishment of an assault with intent to commit murder.

In this case the testimony admitted over objection which may have tended to show the defendant had formed a pre-

meditated design to kill the person assaulted, could not under the issue being tried, have been prejudicial or harmful to the defendant if its admission was error. Counsel state in the brief "there is certainly nothing in the record, we submit, from which a premeditated design to effect Rhodes' death could be assumed, and the facts, if they prove any guilt at all, prove an aggravated assault." Counsel also argues that there is "no evidence from which the jury could conclude in the second trial of the case that the defendant had shot Mr. Rhodes while perpetrating any act imminently dangerous to another evincing a depraved mind regardless of human life;" but the circumstances in evidence as to the assault are legally sufficient to sustain the finding and no prejudicial errors appear.

References in the charges to the evidence manifestly relate to the testimony permitted by the court to remain in evidence, not to evidence that had been excluded; and the charges given do not appear to be confusing or misleading.

The charges given substantially, fairly and with sufficient fullness state the law as applicable to the evidence under the issues; and in so far as the refused charges were correct and appropriate, they were sufficiently covered by charges given. If any one or more of the rulings on the admission and rejection of the testimony were erroneous, it seems clear from the testimony adduced without objection and from the whole record that such errors if any were immaterial or harmless. Though the testimony of the principal witness is conflicting in essential particulars affecting the issues, there is evidence legally sufficient to sustain the verdict and the judgment of conviction imposes a penalty that was within the discretion of the court under the law.

This discussion covers all the principles involvel in the case.

No material and harmful error being made to appear, the judgment is affirmed.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, J. J., concur.