**MACK HARVELL v. STATE OF FLORIDA**

20 So. (2nd) 801      January Term, 1945
February 13, 1945      Division A

*Coe & Eggert,* for appellant.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for appellee.

BUFORD, J.:

The appellant was informed against under information charging assault with intent to commit murder in the first degree. He was convicted of assault with intent to commit murder in the second degree.

The record shows that the appellant assaulted one Clarence Johnson, on a street in Pensacola, Florida, without any provocation whatever; that he first grabbed Johnson about the neck and struck him a blow on the nose. He then, with a knife of some sort, slashed Johnson across the back, inflicting a wound which is not described in the record except by the statement that it required seven stitches to sew it up, and that Johnson bled about a pint.

It appears from the record that the assault was committed on September 11, 1944; the trial was had on October 12, 1944, at which time the wound had a scab on it at the place where Johnson said the knife was stuck into him and we gather from the record that the remainder of the slash across the back had healed.

It is the contention of counsel for appellant that the judgment should be reduced from guilty of assault with intent to commit murder in the second degree to guilty of an aggravated assault.

We think the record shows conclusively that the accused assaulted Clarence Johnson with a deadly weapon in such a manner as to be imminently dangerous to the life of another, evincing a depraved mind regardless of human life; that if the wound had resulted in the death of Johnson the evidence would have amply supported a verdict of guilty of murder in the second degree.

In the case of Phillips v. State, 120 Fla. 134, 162 So. 346, we held:

" 'Intent to kill' in making of an assault does not necessarily mean that defendant had a premeditated design and fixed purpose to effect death, even for a short time before making the assault, but means that he willfully and unlawfully makes an assault with a deadly weapon which he knows, or should know, may reasonably be expected to result in death of person assaulted."

"Where, if assaulted person had died of wounds inflicted, defendant could be held to have committed murder in the second degree, he may properly be convicted of assault with intent to commit murder in the second degree if assaulted person does not die of wound so inflicted." See also Jones v. State, 66 Fla. 79, 62 So. 899, and other cases cited in the Phillips case.

On authority of the opinions and judgments in such cases, the judgment is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.