BARNS, PAUL D., Associate Judge.
On information, appellant was charged with an assault with intent to commit first degree murder and after verdict finding the appellant guilty of assault with intent to commit murder in the second degree, he was so adjudged guilty, whereupon he appealed. We fail to find error and affirm.
The point relied on for reversal is that under Florida law there is no such crime as assault with intent to commit murder in the second degree.
The appellant was charged under Section 784.06 F.S.A. which is:
“Assault with intent to commit felony. — -Whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life, shall be punished by *487 imprisonment in the state prison not exceeding twenty years. An assault with intent to commit any other felony shall be punished to an extent not exceeding one-half the punishment which could have been inflicted had the crime been committed.”
As specified by Section 782.04 F.S.A., murder in the second degree is the killing of a human being:
“When perpetrated by any act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, it shall be murder in the second degree, and shall be punished by imprisonment in the state prison for life, or for any number of years not less than twenty years.”
Section 784.06, supra, is designed to punish assaults with intent to commit any felony and intent is an essential element of the offense. An unlawful assault with intent to kill, even when without a premeditated design to kill, when imminently dangerous to the one assaulted and when it evinces a depraved mind regardless of human life, is an assault with intent to commit a felony, since such assault if successful would have been murder in the second degree, which is a felony. There is nothing in the definition of murder in the second degree to exclude it from the offense of assault with intent to commit a felony as defined by Section 786.04, supra. Harvell v. State, 155 Fla. 556, 20 So.2d 801; Phillips v. State, 120 Fla. 134, 162 So. 346. But see Tillman v. State, 81 Fla. 558, 88 So. 377; McNeal v. Culver, 365 U.S. 109, 81 S.Ct. 413, 5 L.Ed.2d 445.
Affirmed.
ALLEN, Acting C. J., and WHITE, J., concur.