RAWLS, Judge.
Appellant (defendant) appeals the judgments and sentences imposed pursuant to the following jury verdicts, viz.:
“As to Count II of the Information, we, the Jury, find the Defendant, William Wood, Jr., guilty of Assault with Intent to Commit a Felony, to-wit: Murder in the Second Degree.”
and
“We, the Jury, find the Defendant, William Wood, Jr., guilty as charged in Count III of the Information, to-wit: Assault with Intent to Commit a Felony, to-wit: Robbery.”
The record in this cause reflects conclusively that defendant and two confederates attempted to rob a business establishment in Daytona Beach, Florida. The owner and a customer were forced at gunpoint to lie on the floor. One of the robbers proceeded to search the owner and, upon finding what he deemed an inadequate amount of money on the person of his victim, threatened to kill him if he did not produce more. At this point an employee returned to the store and some confusion ensued. The customer (Ross Bass, a seasoned Florida State Trooper who was off duty)[1] managed to reach his gun and jumped to his feet, whereupon the robbers began shooting. Trooper Bass managed to dodge their bullets and was able to wound one of the robbers. We pause to observe that this officer displayed great courage in this hazardous situation. Through the excellent cooperation of a citizen (Kevin Anderson), a City of Daytona Beach fire inspector (Harold Christiansen), and the City of Daytona Beach Police Department,[2] the three robbers were quickly apprehended.
The Public Defender appointed to represent appellant on this appeal vigorously asserts the only salient point posed, to wit: The judgment and sentence on Count III was contrary to law because, as a matter of law, there is no such offense as assault with intent to commit second degree murder. In support of this contention, he cites Williams v. State; Tillman v. State; and McNeal v. Culver.[3]
Williams fails to furnish any comfort to appellant. Mr. Justice Carter, speaking for the Supreme Court, stated:
“The indictment in the present case charged an assault with intent to commit the highest offense arising from an unlawful homicide, — murder in the first degree. The other degrees of murder and manslaughter are lower degrees of the same offense, or offenses of the same kind lesser in degree, and the assaults with intent to commit them are offenses of the same nature, differing only in degree. This being true, and all of them being felonies, an indictment charging assault to have been committed with intent to commit the highest degree of unlawful homicide — murder in the first degree — charges likewise an assault with intent to commit every grade or degree of unlawful homicide that can be committed in pursuance of a homicidal intent, and is sufficient to sustain a conviction for assault with intent to commit any of the lesser degrees or offenses, and therefore to sustain a verdict for an as *558 sault with intent to commit manslaughter.”
The Tillman case is likewise inapplicable. There, the Supreme Court of Florida, after reviewing the testimony, observed:
“Under this statute it has been held— Grace v. State, supra [78 Fla. 486, 83 So. 271] — that if the testimony will sustain a conviction of assault with intent to commit murder in the first or second degree, a verdict of assault with intent to commit murder in the third degree will not be set aside.”
Murder in the third degree was defined in Tillman, viz.:
“ * * * by the statute to be ‘the unlawful killing of a human being * * * •when perpetrated without any design to effect death, by a person engaged in the commission of any felony, other than arson, rape, robbery or burglary.’ ” (Emphasis ours.)
However, unlike the facts recited therein, the overwhelming facts in the case sub judice support the conviction of assault with intent to commit murder in the second degree.[4]
At first glance, McNeal v. Culver appears to be of comfort to appellant for the Supreme Court of the United States, purporting to construe the law of Florida, stated:
“Florida courts have held that, although one may be guilty of assault with intent to commit manslaughter, Lassiter v. State, 98 Fla. 370, 123 So. 735, there is no such thing as assault with intent to commit murder in the second or third degree because — inasmuch as those crimes do not require a finding of ‘intent’ — such would be ‘an assault with intent to commit an act without intent.’ Tillman v. State, 81 Fla. 558, 564, 88 So. 377, 380.” (Emphasis theirs.)
On the other hand, in making the foregoing observation, the United States Supreme Court sought to construe the law of Florida as interpreted by this State’s highest court; it was not interpreting the law of Florida with reference to the Federal Constitution. Further, in its opinion, that Court also observed :
“Indeed, it is questionable whether such a crime as the one upon which petitioner was charged, tried and convicted — ‘Assault to Murder,’ not ‘Assault with Intent to Commit Felony’ — actually exists under the Florida law, * * * ” (Emphasis theirs.)
In other words, the Federal Supreme Court did not purport to hold that an indictment charging one with the offense of “Assault with intent to commit a felony, to wit: Murder in the First Degree”[5] does not constitute a crime in Florida.
In 1923, the Florida Supreme Court in Thomas v. State[6] resolved this question, stating:
“Where under a proper charge an assault upon another person is shown to have been made with an intent to kill such person, and the assault is perpetrated by an act or is accompanied by an act that is imminently dangerous to another person, which act evinces a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, the party committing the assault may be *559 found guilty of an assault with intent to commit murder in the second degree, even though the assault and the acts accompanying it and the circumstances incident to the assault may also tend to show a premeditated design on the part of the person making the assault to effect the death of the person assaulted * * * ”
Speaking through Mr. Justice Buford in Phillips v. State,[7] the Florida Supreme Court again held:
“The writ of error brings for review judgment of assault with intent to commit murder in the second degree.
‡ jji ‡ >{«
“The evidence is amply sufficient to warrant the jury in finding that at the time of the assault the accused made such assault with intent to kill. For one to have the intent to kill in the making of the assault does not necessarily mean that he had a premeditated design and fixed purpose to effect death, even for a short time before making the assault, but it means that he willfully and unlawfully makes an assault with a deadly weapon which he knows, or should know, may reasonably be expected to result in the death of the person assaulted.”
In 1965, the Second District Court of Appeal, in Dallas v. State,[8] held:
“The point relied on for reversal is that under Florida law there is no such crime as assault with intent to commit murder in the second degree.
* * * * * *
“* * * An unlawful assault with intent to kill, even when without premeditated design to kill, when imminently dangerous to the one assaulted and when it evinces a depraved mind regardless of human life, is an assault with intent to commit a felony, since such assault if successful would have been murder in the second degree, which is a felony. There is nothing in the definition of murder in the second degree to exclude it from the offense of assault with intent to commit a felony as defined by Section 786.04, supra.”
The point presented is without merit.
Appellant, in his own proper person, has filed extensive pleadings and other documents; such as Motion to Stay Appellate Jurisdiction, Motion to Correct An Error in the Motion to Stay Appellate Jurisdiction, Amendment of Assignment of Errors, and a 54-page Brief. We find the following quotation from appellant’s Supplemental List of Authorities to be applicable in the instant cause: “Fair play is an important factor in the consideration of due process of law. State ex rel. Lyons v. DeValk, 47 Wis.2d 200, 177 N.W.2d 106.” We observe that appellant failed to engage in “fair play” insofar as his victims were concerned, but to the contrary, resorted to force and violence in seeking to take from his fellowman those material goods which he apparently was unwilling to earn in this free society.
The pro se points posed by appellant are without merit.
Affirmed.
SPECTOR, C. J., and JOHNSON, J., concur.

.Trooper Bass testified:
“A. Well, even though I didn’t know George Humphreys, it’s more or less—
I am employed and I am more or less a full-time police officer whether I am in uniform or not and it’s my duty to try to protect persons or property.
“Q. This is the policy of the Florida State Highway Patrol?
“A. Yes, it is.”

. We note with commendation that this record does not in any instance reflect the “We didn’t want to become involved” attitude which is apparently prevalent in other sections of this nation.

. Williams v. State, 41 Fla. 295, 26 So. 184 (1899) ; Tillman v. State, 81 Fla. 558, 88 So. 377 (1921) ; and McNeal v. Culver, 365 U.S. 109, 81 S.Ct. 413, 5 L.Ed.2d 445 (1961).

.F.S. § 782.04(2), F.S.A. defines second degree murder as follows :
“(2) When perpetrated by any act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, it shall he murder in the second degree * * * ”

. The Information in the instant cause chai’ged, inter alia:
“ * * * that * * * WILLIAM WOOD, JR. * * * did then and there assault one Ross W. Bass with the intent to commit a felony, to-wit, murder in the first degree * * * ”

. Thomas v. State, 85 Fla. 113, 95 So. 752 (1923).

. Phillips v. State, 120 Fla. 134, 162 So. 346 (1935).

. Dallas v. State, 170 So.2d 486 (Fla.DCA 2d, 1965).