384 So.2d 744 (1980)
Seevola LITTLES, Appellant,
v.
STATE of Florida, Appellee.
No. MM-127.
District Court of Appeal of Florida, First District.
June 13, 1980.
Michael J. Minerva, Public Defender, and Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
Littles, convicted of armed robbery and attempted second-degree murder, appeals contending the court erroneously denied his motion to dismiss, which was predicated upon the argument that the offense of attempted second-degree murder does not exist under Florida law. We affirm.
An attempt consists of a specific intent to commit the crime, and a separate overt, ineffectual act done towards its commission. E.g., Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975). Second-degree murder is defined as:
The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, . ..
§ 782.04(2), Fla. Stat. (1977). Littles argues that a charge of attempted second-degree *745 murder is fatally inconsistent and defective because it requires proof that the defendant intentionally committed an unintentional act.
Although this argument has not been addressed by the appellate courts in this state concerning the offense of attempted second-degree murder, the courts have repeatedly rejected the similar assertion that the offense of assault with intent to commit a felony, to wit: murder in the second degree, does not exist under Florida law. E.g., Knight v. State, 42 Fla. 546, 28 So. 759 (1900); Pyke v. State, 47 Fla. 93, 36 So. 577 (1904); Feagle v. State, 55 Fla. 13, 46 So. 182 (1908); Harvell v. State, 155 Fla. 556, 20 So.2d 801 (Fla. 1945); Dallas v. State, 170 So.2d 486 (Fla. 2d DCA 1965); Wood v. State, 251 So.2d 556 (Fla. 1st DCA 1971). Since the crime of assault with intent involves specific intent, as does an attempt, the rationale of the aforementioned cases clearly supports the conclusion that the crime of attempted second degree murder exists in Florida.
Furthermore, Littles' contention hinges on the erroneous premise that intent is synonymous with premeditated design. Premeditated design to effect the death of a human being is more than simply an intent to commit homicide; it is "... a fully formed and conscious purpose to take human life, formed upon reflection and deliberation, entertained in the mind, both before and at the time of the homicide." McCutchen v. State, 96 So.2d 152 (Fla. 1957). Thus, one could be convicted of attempted second degree murder upon a showing of (1) intent to cause the death of a human being, but without premeditation, and (2) an overt act in furtherance of that intent.
AFFIRMED.
MILLS, C.J., and ROBERT P. SMITH, Jr. and SHIVERS, JJ., concur.