THORNAL, Justice.
Appellant Mary Klemenko, who was plaintiff below, by appeal seeks reversal of an order of the Chancellor denying her petition for rehearing of a final decree entered in favor of the appellee Alex Klemenko, who was defendant below.
In order to dispose of the case we must decide whether a petition for rehearing in chancery is subject to review by appeal.
It is unnecessary to delineate the facts on the merits. On March 25, 1957, the Chancellor entered' a final decree in favor of the appellee Alex Klemenko. On April *12 1, 1957, appellant filed her petition for rehearing setting out certain alleged errors in the entry of the final decree. On April 17, 1957, appellant filed another document entitled “Motion to Vacate Final Decree and for Verdict for Plaintiff.” For purposes of this decision we treat the two documents as being tantamount to a composite petition for rehearing. Actually the April 17 document was filed too late under the rules. 31 F.S.A., Florida Rules of Civil Procedure, rule 3.16. On April 25, 1957, the Chancellor entered an order denying the motion to vacate and the petition for rehearing. On May 6, 1957, appellant filed her notice of appeal seeking the review of “the order, judgment or decree of the Circuit Court of Dade County bearing date of the 25th day of April, 1957, which order denied the plaintiff’s motion to vacate final decree and for verdict for the plaintiff.”
We find it unnecessary to consider the various contentions of the parties on the merits of the controversy. This appeal will have to be dismissed for jurisdictional reasons. A review of the procedural steps employed to bring the case before us will show that no appeal has been taken from the final decree. This decree therefore stands effective and binding between the parties.
Notice of appeal is directed only to the order of the Chancellor denying the two motions which sought a rehearing of the cause. If we were to undertake to pass on the correctness of the ruling on the petitions for rehearing it would be necessary to examine the final decree and the record which produced-it. If we were to do this we would be undertaking to review a final decree which has not been assaulted by the appellant herself. The product of this approach would be to give the appellant the benefit of a review of a final decree from which she has taken no appeal.
We are not here confronted with the question of the effect of the filing of the petition for rehearing upon an extension of time for assaulting the final decree as was the situation in Ganzer v. Ganzer, Fla.1956, 84 So.2d 591. The situation now here is simply that the appellant has filed no notice of appeal directed to the final decree. Instead, she has filed the notice of appeal directed to the order denying her petition for rehearing. Each of the assignments of error filed in this cause is directed to alleged errors in the final decree from which no appeal has been taken.
We therefore conclude sua sponte that there is no jurisdictional foundation for the consideration of the matter by this Court and the cause will have to be dismissed. Gasque v. Ball, 71 Fla. 257, 71 So. 329; Thomkin Corporation v. City of Miami Beach, 135 Fla. 360, 185 So. 422; Proctor v. Kennedy, Fla.1953, 64 So.2d 567.
It is ordered that the appeal be and the same is hereby dismissed.
TERRELL, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.