KANNER, Chief Judge.
This court cannot consider on its merits the cause here presented by the appellants. This is due to a jurisdictional aspect which may be demonstrated through the sequence of steps here set forth, revealing that the order from which the appeal emanates is not reviewable.
On June 26, 1958, the chancellor entered an order of dismissal, decreeing “ * * * that this cause be and it is hereby dismissed at the cost of the Plaintiffs.”
On July 2, 1958, petition for rehearing was filed.
On August 22, 1958, the court entered its order, as follows:
“Ordered, Adjudged and ' Decreed That said petition for rehearing is temporarily granted and said Order of June 26, 1958, be and it is hereby stayed, until further hearing * * * ”
Then, on August 28, 1958, the court entered its order stating “ * * * that the said petition for rehearing be and the same is hereby denied.”
On October 8, 1958, notice of appeal to this court was filed, stating:
“ * * * to review the order or decree of the Circuit Court of Polk County, Florida, In Chancery bearing date the 28th day of August, 1958, entered in the above st)ded cause and recorded in Official Record Book 177 page 355, on the 30th day of August, 1958. Said order is the Final Order that followed the Order of Court of August 21, 1958, that stayed the proceedings until said Final Order.”
What the appellants are here presenting is an appeal from the order denying the petition for rehearing and not an appeal from the final decree of dismissal. To determine the correctness of the ruling on the petition for rehearing would require a consideration of the final decree and the record upon which it is predicated. To do this would then call for a review of a decree on appeal that has not been made the subject of attack. Such procedure does not deposit the cause in this forum, there being no jurisdictional basis established for its consideration. The appeal will have to be dismissed. See Finley v. Finley, Fla.1958, 103 So.2d 191; Klemenko v. Klemenko, Fla.1957, 97 So.2d 11; and section 59.02 (2), F.S.A.
Appeal dismissed.
SHANNON, J., and DREW, E. HARRIS, Associate Judge, concur.