ALLEN, Judge.
The appellees here sued the insureds for damages resulting from an automobile accident which occurred January 8, 1958. The insurer (appellant here) defended the tort case and filed a counterclaim. Depositions of the plaintiff and the insured husband were taken.
The defendant-insureds in the tort action, without notifying the insurer left Florida in April, 1959, to take up residence in California. On June 4, 1959, the insurer’s attorneys wrote defendant-insureds telling them they would have to attend the trial. The insureds replied stating they had just arrived, were not over their trip, understood that the deposition could be used to which they could add nothing and that they would “send any statement notarized that you might need. We do not have any money all we have is my pension all our saving has been used. We would taire a chance trying to take a trip back there and then back here and could not finance it.”
After certain other correspondence between the insurer and the insureds the appellant addressed and mailed a notice to the plaintiffs advising that because of the defendant-insureds’ breach of the insurance contract, the insurer disclaimed any liability under it.
The case was tried on June 29th and 30th, 1959, without the presence of the defendant-insureds, and resulted in a verdict of $7,-325.07 for the plaintiff-husband and a $2,-500 verdict for the plaintiff-wife. Subsequent thereto the appellant was garnisheed for the amount of the judgment entered against the insureds.
We are confronted in this case with an appeal taken from an order dated June 29, 1961, denying the motion for a new trial and not from the final judgment entered on the 1st day of June, 1961.
During oral argument before this court we suggested to the appellant that if it desired to do so a special brief on behalf of the appellant could be filed with this court on the question of whether or not the appeal was taken from an appealable order, judgment or decree of the lower court, which suggestion was complied with by the appellant.
The original record of Pinellas County shows that a final judgment was filed and recorded in this case on June 1, 1961, in favor of the plaintiffs, Piotrowski and his wife, and against the insurer-garnishee, Central National Insurance Company of Omaha, Omaha, Nebraska, a corporation for various sums as set forth in the concluding paragraph of said judgment, as follows:
“IT IS FURTHER CONSIDERED, ORDERED, AND ADJUDGED that the sums hereinabove set forth, together with interest due thereon, up to and including May 5, 1961, equal Eleven thousand two hundred thirty one and *105 01/100 ($11,231.01) DOLLARS, for ■which amount let execution issue.
“DONE, ORDERED, AND ADJUDGED in St. Petersburg, Pinellas County, Florida, this 1st day of June, 1961.”
On June 8, 1961, the appellant-garnishee filed an instrument designated “Motion for New Trial and as for Directed Verdict.”
On June 29, 1961, the circuit judge signed his order denying the motion for a new trial and it was filed June 30, 1961. The order read as follows:
“The foregoing cause coming on this day to be heard upon Garnishee’s Motion for a New Trial and as for Directed Verdict and the same having been argued by counsel for the respective parties and duly considered by the court, it is ordered that said Motion be and the same is hereby denied.
“Done and ordered at Chambers this 29th day of June, A.D. 1961.”
The appellant, in its special brief filed on the “Question of a Defective Notice of Appeal,” admits that an order denying a motion for new trial is not an appealable order. The brief states:
“ * * * The Courts of the State of Florida have decided this point so often that it is now axiomatic in our law, e. g. Douglas-Guardian Warehouse Corp. v. Insurance Agents Finance Corp., 46 So.2d 169 (Fla.1950); C. G. J. Corp. v. Engel, 135 So.2d 431 3rd District, Fla. [App.] 1961). The leading case for this proposition in the State of Florida appears to be Douglas Guardian Warehouse Corp. v. Insurance Agents Finance Corporation, supra. In that case, the court was faced with a notice of appeal which provided ‘Comes now the defendant, Douglas Guardian Warehouse Corp., defendant in the above entitled cause by its undersigned attorneys and enters this, its notice of appeal from the order of the court made and entered in this cause on June 13, 1949 denying the defendant’s motion for new trial.’ The Court, in dismissing the appeal,, stated:
“ ‘It is plain from a mere reading of the notice of appeal that the order appealed from is neither a final judgment nor such an order as comes within the exception provided by the Florida Statutes.’ ”
The appellant then proceeds to state that the appellant’s notice of appeal in the instant case follows exactly the form set forth by the Supreme Court in the Florida Appellate Rules, and that there is no expressed designation in its notice of appeal to the effect that the appeal is taken from the order denying the motion for new trial.
Unfortunately for the appellant, the notice of appeal specifically refers to the fact that the appeal is taken to review the order, judgment or decree bearing date the 29th day of June, 1961, entered in the above styled cause and recorded in the office of the Clerk of said court in Order Book 1202, page 402, on the 30th day of June, 1961. A further reference to the record shows that this order was, in fact, the court’s order denying the motion for new trial. As we stated before, the final judgment was entered on the 1st day of June, 1961.
The appellant’s notice of appeal, as it stated, follows the form set forth by the Supreme Court of Florida in its appellate rules. Rule 7.2, 31 F.S.A., provides for the following approved form for a notice of appeal:
“The defendant, C.D., takes and enters his appeal to the - Court of Florida to review the order, judgment or decree of the Circuit Court for- County, bearing date the *106 - day of -, 19-, entered in the above styled cause and recorded in- Book-, page -, on the-day of -, 19-, and all parties to said cause are called upon to take notice of the entry of this appeal.’'
Unfortunately, in filling in the blanks, the appellant used the order denying the motion for new trial instead of the order entering the final judgment.
Appellant cites the case of Seaboard Airline Railroad Co. v. Holt, Fla.1955, 80 So. 2d 354, in which the Court stated:
“* * * We do not believe that the vital question of jurisdiction should turn upon the relatively unimportant matter of inconvenience to an adversary or to this court. The pivotal point is, as it should be, whether the notice of appeal is sufficient to effectuate its purpose.”
The prime question involved in the Seaboard case was whether the notice of appeal filed by the appellant substantially complied with the form of notice of appeal which follows Rule 39 of the Supreme Court Rules, 30 F.S.A. The notice of appeal filed read as follows:
“Notice is hereby given that Seaboard Air Line ' Railroad Company, defendant, hereby appeals to the Supreme Court of Florida, from the final judgment entered in this action in favor of Henry M. Holt, on the 12th day of February, 1954.”
The Supreme Court, in its opinion, pointed out that the appeal was taken from the final judgment entered in the case; that it gave the date of entry of the final judgment as the 12th of February, 1954, although the record disclosed that no final judgment was entered on the 12th day of February, 1954; but that the jury rendered its verdict on February 12, 1954. In its opinion, the Court said:
“ * * * The record, however, does reflect only one appealable order, i. e., the final judgment, and the notice of appeal states unequivocally that the appeal is directed to ‘the final judg~ ment entered in this action in favor oí Henry M. Holt * * (Italics supplied.) The instant suit is a common law action and we have consistently held the only appealable order [with the exceptions noted in Sections 59.03, 59.04 and 59.05, Florida Statutes, 1953] in such a suit is the final judgment. * * * ”
The Court again states in the Seaboard case :
“ * * * Counsel for appellee have directed our attention to the decision in Douglas-Guardian Warehouse Corp. v. Insurance Agents Finance Corp., Fla.1950, 46 So.2d 169. The notice of appeal in that case showed clearly that the defendant attempted to take an appeal from an order which we have consistently held to be non-appealable, i. e., an order denying the defendant’s motion for a new trial. Our ruling in that case was simply to the effect that the appeal should be dismissed because of the clear intention of perfecting an appeal to this court from an order which was not appeal-able. * * * ”
We must hold that this court has no jurisdiction of this case and the appeal should be and is hereby dismissed.
SHANNON, C. J., and MORROW, R. O., Associate Judge, concur.