ALLEN, Acting Chief Judge.
Appellants-intervenors, in a mortgage foreclosure proceeding below, are appealing from an order entered after a hearing held upon their petition for rehearing.
The appellee, Polk Federal Savings & Loan Association, brought suit to foreclose its first mortgage on certain described premises. Named as defendants were the mortgagors, a second mortgagee, and a labor lien claimant. Appellants intervened attempting to establish a lien for materials furnished and the priority thereof on the visible commencement theory.
The lower court, in a final decree entered November 22, 1961, held that the labor lien claimant, Polk Federal Savings & Loan Association, and the second mortgagee were entitled to the liens claimed by them and established priority in that order. The court held also that appellants had failed to prove a right to a lien and denied their claim.
The court, upon appellants’ petition for rehearing, entered an order on January 15, 1962, granting a money judgment to the appellants-intervenors against the defendants Carter but made no changes in the form of the decree entered on November 22nd.
The appellants appeal from the order of January 15th.
The appellee, Polk Federal Savings & Loan Association, filed a motion to dismiss this appeal which this court carried over for determination to the time of the decision on the merits. We grant the ap-pellee’s motion to dismiss this appeal since no appeal was taken from the adverse ruling of the lower court which was apparent in the November 22nd final decree. This decree was final in form and ordered the foreclosure of the property in question. No supersedeas was taken from this decree and the property in question has been sold at a foreclosure sale to the mortgagee, Polk Federal Savings & Loan Association.
*605 In short, as to the matters about which appellants complain in their appeal, the order entered subsequent to the petition for rehearing was a denial of said petition. It is well settled that an appeal from an order denying a petition for rehearing does not bring up for review the final decree. Fullerton v. Clark, 1940, 142 Fla. 200, 194 So. 481; Hollywood, Inc. v. Clark, 1943, 153 Fla. 501, 15 So.2d 175; Klemenko v. Klemenko, Fla.1957, 97 So.2d 11; McNary v. Hudson, Fla.App.1959, 110 So.2d 73; Moore v. Carlisle, Fla.App.1959, 111 So.2d 457. Such an order is, in effect, nonappealable where, as here, it presents no issue for review other than those finally determined by the decree from which no appeal was taken. Finley v. Finley, Fla.1958, 103 So.2d 191; compare Central National Ins. Co. of Omaha v. Piotrowski, Fla.App.1962, 142 So.2d 103.
Our Supreme Court, in Hollywood, Inc. v. Clark, supra, had practically the same question as is involved in the instant case. In the Hollywood case an appeal was taken from an order granting appellees’ petition for rehearing and modifying the chancellor’s former decree which was in favor of the appellant and quieted appellant’s title in and to a certain lot in Hollywood. The former decree was modified on rehearing so as to require the plaintiff to reimburse the defendants, appellees, for the amounts paid out by them in taxes over a period of years, during which period defendants considered that they held a good title to the property under an unrecorded warranty deed. The former decree was left undisturbed. The Supreme Court, in its opinion at 15 So.2d 182, said:
“ * * * The petition for rehearing contained fourteen grounds, the last ground being the one that was upheld in the order of June 26. If the order had merely granted a rehearing, we might be confronted with a different question, but the order shows that the court granted the rehearing on the one ground hereinabove set forth, being the 14th ground of the petition, and simultaneously granted the relief which the defendants claimed they were entitled to upon that ground — i. e., reimbursement for taxes paid by them on the land — by adding to his original decree a provision taking care of that particular matter. This was the only ‘modification’ that was made in the final decree, and the language of the order shows that the chancellor intended that his original decree should stand, but added to it one entirely new provision based on a point of law and a contention that was argued for the first time at the hearing on the petition. The chancellor did not expressly deny the rehearing on all the other grounds, but his order shows that he granted the rehearing solely on the last ground, thus impliedly denying it on all others, and as the petition-for rehearing had been orally argued and briefs requested by the court, as shown by the recitals in its order, the court evidently considered any further hearing unnecessary, and, in its order granting the rehearing, the court also-proceeded to act, and did act and disposed of .the matter as above outlined.
“Our view therefore is that ‘the subject matter’ of plaintiff’s appeal from said order is the order itself; that on this appeal we cannot review the court’s original final decree of February 2, 1942, and that all of appellees’ cross assignments of error attacking that decree were improperly filed and must be disregarded.”
We have been- confronted several times with mistakes made in appeals taken from the wrong orders or decrees in a case. We recommend a.study of the excellent opinion written by Mr. Justice Brown in Hollywood, Inc. v. Clark, supra, where an attorney *606 is confronted with which decree or order to appeal from in a given case.
The appeal is dismissed.
WHITE, J., and SCOTT, CHARLES R., Associate Judge, concur.