*84 On Petition for Rehearing
Before BARKDULL, C. J., and HORTON and TILLMAN PEARSON, JJ.
PER CURIAM.
The appellant filed notice of a full appeal from two orders of the Circuit Court of Dade County in a chancery proceeding. The first order denied, (a) “Plaintiffs’ Motion for Summary Decree * * * ”, (b) “Plaintiffs’ Motion for ‘Decree on Bill and Answer’ * * * ”, (c) “Plaintiffs’ Motion to Strike * * * The second order denied the Plaintiffs’ Petition for Rehearing. The appellees moved to dismiss the appeal upon the grounds that (1) a full appeal had been taken from interlocutory orders contrary to Rule 4.2, Florida Appellate Rules, 31 F.S.A., (2) the notice of appeal failed to designate the appeal as interlocutory as required by Rule 4.2, supra and (3) appellants had failed to observe the procedural requirements of Rule 4.2, supra as to the filing of appellants’ brief and the preparation of the record on appeal. After notice and hearing, this court granted appel-lees’ motion and dismissed the appeal. Both parties have now moved for a clarification of this court’s decision dismissing the appeal. . In view of the procedural status of this cause in the trial court, we deem the request for clarification to be well taken.
This court concluded as a basis for dismissal of the appeal that appellants had attempted a full appeal from interlocutory orders in chancery. Such orders are reviewable only by virtue of Rule 4.2, supra. This rule contemplates the speedy review of interlocutory orders so as not to unduly interrupt or delay the orderly progress and final determination of the cause in the trial court. The time provisions of Rule 4.2, supra are designed to achieve this purpose.
The order denying appellants’ various motions and granting appellees’ motion for summary judgment is not a final order and therefore would not support the full appeal attempted by appellants. See Renard v. Kirkeby Hotels, Inc., Fla.App.1958, 99 So. 2d 719. The judicial labor obviously is not at end in this cause.
The order denying appellants’ petition for rehearing in the trial court is not an appealable order. See Oxford v. Polk Federal Savings and Loan Association, Fla.App.1962, 147 So.2d 603. The appeal is dismissed.
The appellants’ petition for rehearing directed to this court’s order of dismissal dated July 15, 1964 has been considered and is denied.