HOBSON, Judge.
On May 15, 1964, an information was filed in the office of the Clerk of the Criminal Court of Record, in and for Hillsborough County, Florida, charging appellant with robbery. Subsequently appellant was arraigned, tried by a jury, found guilty and sentenced to serve six months to ten years in the Florida State Prison. On July 14, 1964, appellant filed his motion for a new trial which was denied. On October 2, 1964, the appellant filed his notice of appeal in this court. In a per curiam opinion this court affirmed appellant’s conviction and sentence. See Lett v. State, Fla.App.1965, 174 So.2d 568.
On July 7, 1966 appellant in proper person filed a petition for writ of habeas corpus which was treated as a motion to set aside and. vacate judgment and sentence under Criminal Procedure Rule #1 and after hearing thereon the trial court entered an order denying said motion.
Appellant was represented by counsel at every essential stage in each of the above described proceedings.
On August 18, 1966, appellant filed a “supplemental rule #1 petition — petition for rehearing.” This'petition was properly treated as a petition for rehearing and denied on September 6, 1966.
Appellant appeals the order denying this motion for rehearing.
 It is well settled that a proceeding under Criminal Procedure Rule #1, F.S.A. ch. 924 Appendix, is civil rather than criminal in nature. See State v. Weeks, Fla. 1964, 166 So.2d 892. Therefore, the rules governing’ the appealability of orders and judgments under Criminal Procedure Rule #1 are delineated by the Florida Appellate Rules. An order denying appellant’s petition for rehearing is not an appealable order. See Florida Living for the Retired, Inc. v. Retirement Hotel Associates, Fla.App.1964, 167 So.2d 83; Oxford v. Polk Federal Savings & Loan Association of Lakeland, Fla.App.1962, 147 So.2d 603, and cases cited therein.
Therefore appellant’s appeal from an order denying his motion for rehearing is dismissed.
SHANNON, A. C. J., and LILES, J., concur.