242 So.2d 737 (1970)
Ronnie CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. N-537.
District Court of Appeal of Florida, First District.
December 29, 1970.
Rehearing Denied January 26, 1971.
Cecil C. Jackson, Pensacola, for appellant.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant seeks review by direct appeal of an order denying his motion for rehearing and reconsideration. No appeal has been taken from the final order denying his motion for post-conviction relief filed pursuant to the provisions of Rule 1.850, Rules of Criminal Procedure, 33 F.S.A., to which the points in his brief are directed.
It has long been the established law of this state that an order denying a motion for rehearing or reconsideration is nonappealable and not subject to appellate review. In Lett v. State[1] the Second District Court of Appeal said:
"It is well settled that a proceeding under Criminal Procedure Rule # 1, F.S.A. ch. 924 Appendix, is civil rather than criminal in nature. See State v. Weeks, Fla. 1964, 166 So.2d 892. Therefore, the rules governing the appealability of orders and judgments under Criminal Procedure Rule # 1 are delineated by the Florida Appellate Rules. An order denying appellant's petition for rehearing is not an appealable order. See Florida Living for the Retired, Inc. v. Retirement Hotel Associates, Fla.App. 1964, 167 So.2d 83; Oxford v. Polk Federal Savings & Loan Association of Lakeland, Fla.App. 1962, 147 So.2d 603, and cases cited therein."
Since appellee has not raised the insufficiency of the notice of appeal nor claimed prejudice as a result thereof, we will ignore the error and proceed to a consideration of the merits of the appeal.[2]
Appellant was charged, tried by a jury, convicted and sentenced for the offense of robbery. He appealed his judgment of conviction and sentence which resulted in an affirmance by this court.[3] Within less *738 than three months following the going down of our mandate, this proceeding for post-conviction relief was filed in the trial court and was terminated by the rendition of a final order denying the relief sought.
By his brief filed in the case sub judice appellant presents five points for consideration. Four of these points were raised, considered, and decided adversely to appellant in the original appeal of his judgment of conviction and sentence. Questions which have been considered and disposed of on a direct appeal of a judgment of conviction and sentence will not be considered as grounds for post-conviction relief sought pursuant to Rule 1.850, Rules of Criminal Procedure.[4]
The remaining point in appellant's brief presents a question which is being urged for the first time on appeal. In addition, it deals exclusively with the validity of his arrest, an impermissible ground for challenge in a motion for post-conviction relief.[5]
The judgment appealed herein is affirmed.
CARROLL, DONALD K., Acting C.J., and SPECTOR, J., concur.
NOTES
[1] Lett v. State (Fla.App. 1967) 195 So.2d 608, 609.
[2] Eggers v. Narron (Fla. 1970) 238 So.2d 72; Gissendanner v. State (Fla. 1970), 241 So.2d 162, Opinion on rehearing filed November 12, 1970.
[3] Carter v. State (Fla.App. 1970) 231 So.2d 16.
[4] Chavigny v. State (Fla.App. 1964) 163 So.2d 47, 50; Dirring v. United States (1st Cir., 1967) 370 F.2d 862.
[5] Marti v. State (Fla.App. 1964) 163 So.2d 506, 507.