PER CURIAM.
Harry Clyde Sellers was indicted, tried by a jury and convicted for the crime of rape. On direct appeal his judgment of conviction was affirmed. Sellers v. State, Fla.App.1968, 212 So.2d 659.
He later filed a petition to vacate the final judgment. See Rule 1.850, CrPR, 33 F.S.A. -The trial court held an evidentiary hearing and entered an order denying the petition to vacate. This appeal followed.
In this appeal the public defender examined the record on appeal and filed a motion to withdraw. See Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L. Ed.2d 493 (1967); State v. Herzig, Fla.1968, 208 So.2d 619; and Lee v. State, Fla.App.1967, 204 So.2d 245. The public defender filed a memorandum brief.
On consideration of the motion to withdraw, this court withheld ruling and ordered a copy of the memorandum brief to be furnished to Sellers and permitted him thirty days within which to file a statement of any points which he wished to submit as grounds in support of this appeal.
Sellers filed a statement of the points upon which he desired to rely and agreed that he would prefer to dismiss the public defender and to proceed in this matter in proper person. In accordance with the expressed desire of Sellers we grant the motion of the public defender to withdraw as counsel in this cause and he is discharged from further responsibility in this appeal.
We have considered the points submitted by Sellers and the public defender in support of the petition. We have reviewed Points One and Two and find that they are conclusions of law and are not supported by any factual allegations in the petition. We, therefore, do not consider these points.
In Point Three, Sellers argues that he was denied counsel at his preliminary hearing. We observe that his preliminary hearing was held prior to the decision of the Supreme Court in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); and that Harrison v. Wainwright, Fla.App.1971, 243 So.2d 427, held that the Coleman decision does not apply in Florida. We note that no objection on this ground was raised in the trial court and hold that such point may not be raised *521 for the first time on appeal. Jones v. State, Fla.App.1971, 248 So.2d 517, 3 D.C.A., filed May 25, 1971.
Sellers then argues that the trial judge erred in allowing a pretrial line-up identification to be used in court at the time of his trial. Our examination of the record in the prior appeal, and in the present appeal reveals that United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149, was decided June 12, 1967. In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), it was held that the Wade opinion was not retroactive. The line-up which is objected to in the present case was held prior to Wade and is, therefore, not controlled by that decision.
Sellers attempts to raise a point concerning questions asked of him about testimony which he related to a psychiatrist and statements of the state’s attorney in relation to these comments. Sellers raised this matter unsuccessfully in his direct appeal and he may not again raise this point on this appeal. The same ruling applies to his point that the trial court erred in failing to direct a verdict at the close of the state’s case.
Sellers complains of the failure of the trial court to grant his motion for mistrial made during the cross-examination of a witness, Mrs. Noreen Nolan. Generally, the admissibility of evidence cannot be raised in a motion under Rule 1.850, CrPR. See Robinson v. State, Fla.App.1967, 194 So.2d 29. Nevertheless, we have examined this point and find that Sellers’ alleged objection to the proposed questioning was sustained and that there was no evidence admitted on the point which Sellers complains of and there was no prejudicial comment by the prosecution.
The defendant’s remaining point charges the incompetency of his trial counsel. The trial court conducted an eviden-tiary hearing on this matter and made a finding that the trial counsel was not incompetent and that trial counsel had spent many hours in preparation for the trial, which included interviews with all the material witnesses in the case.
We find sufficient, competent and substantial evidence to support this finding.
For these reasons the order denying the motion to vacate filed by appellant Sellers be and the same is
Affirmed.