PER CURIAM.
Zide filed a motion to vacate his judgment of conviction and sentence. After an evidentiary hearing the court denied his motion and he has appealed.
His claim that he was denied assistance of counsel at the evidentiary hearing is without merit. The record shows he *918 had various attorneys represent him including private counsel, the public defender and court appointed counsel. None of these were satisfactory to him as he claimed they were incompetent or unsatisfactory in their representation. This point does not warrant reversal. State v. Weeks, Fla.1964, 166 So.2d 892.
Zide had a direct appeal from his judgment and sentence. Zide v. State, Fla.App.1968, 212 So.2d 788. Therefore, Jackson v. State, Fla.App.1964, 166 So.2d 194, does not apply and there was no error in the denial of his request to consider his motion to vacate as a delayed motion for a new trial.
His claim that he was denied due process because he was not given a preliminary hearing also fails. He does not allege any facts to show prejudice. Lawson v. State, Fla.App.1968, 215 So.2d 790.
His next contention appears to be that he was convicted on an information which was not verified. This argument was held unsound in Bretti v. State, Fla.App.1970, 239 So.2d 527. See also Rule 1.-140(g), CrPR, 33 F.S.A.
The trial judge heard argument on the issue that his trial counsel was incompetent and ruled that his trial attorney conducted the trial in a competent manner. No error has been demonstrated in this ruling. Sellers v. State, Fla.App.1971, 249 So.2d 519.
His point that the State knowingly used perjured testimony at trial is based on the same facts that were argued and considered on direct appeal under a point directed to the weight and sufficiency of the evidence. Matters raised and disposed of on direct appeal cannot be a basis for post-conviction relief. Carter v. State, Fla.App.1971, 242 So.2d 737.
His last point states, “does the right of an accused to be confronted with the witnesses against attach before the trial”. The vagueness of this point suggests its failure. The claim is without merit as it is supported only by conclusions of law and not by factual allegations. See Sellers v. State, supra.
The order appealed herein is
Affirmed.