**Sylvester McKINON,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT,
Respondent-Appellee.**

**No. 81–6046.**

United States Court of Appeals,
Eleventh Circuit.

May 16, 1983.

Robert W. Knight, Federal Public Defender, Tampa, Fla., for petitioner-appellant.

Samuel Robert Mandelbaum, Peggy A. Quince, Asst. Attys. Gen., Tampa, Fla., for respondent-appellee.

Before VANCE and ANDERSON, Circuit Judges, and JONES, Senior Circuit Judge.

PER CURIAM:

Sylvester McKinon, a Florida state prisoner, appeals the district court's denial of his petition for writ of habeas corpus, 28 U.S.C. § 2254.

McKinon was charged in state court with assault with intent to commit murder in the first degree. He was convicted of assault with intent to commit murder in the second degree and was sentenced to fifteen years imprisonment. On direct appeal, his conviction was affirmed without opinion. *McKinnon v. State*, 272 So.2d 570 (Fla. 2d DCA 1973). Petitioner's subsequent motion to vacate judgment was denied without hearing. On appeal of this denial, petitioner's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), requesting permission to withdraw from the case. Permission was granted and petitioner failed to file an additional brief within the required 30 days. The order denying motion to vacate was then affirmed without written opinion. *McKinon v. State*, 337 So.2d 813 (Fla. 2d DCA 1976).

We construe McKinon's brief to present three issues: (1) that his sixth and fourteenth amendment rights were violated by the denial of counsel at his preliminary hearing, (2) that his sixth and fourteenth amendment rights were violated when he was identified during trial by the same witness who had identified him at the preliminary hearing where he was unrepresented by counsel, and (3) that he was denied due process by being convicted of a non-existent crime.

1

A preliminary hearing was conducted on November 9, 1971, at which McKinon was unrepresented by counsel. At the hearing, an eye witness identified McKinon, giving inculpating testimony. Following the preliminary hearing, McKinon was bound over for trial.

■ This adversary type preliminary hearing was a critical stage in the proceedings during which petitioner had a constitutional right to be represented by counsel. *Coleman v. Alabama,* 399 U.S. 1, 9, 90 S.Ct. 1999, 2003, 26 L.Ed.2d 387 (1970). Florida's contemporaneous objection rule requires, however, that an objection based on denial of the right to counsel at a preliminary hearing be raised at or before trial. Since petitioner's first objection was raised on appeal from the denial of his motion to vacate judgment, it was untimely under Florida law. Our first inquiry, therefore, is whether the rule of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), precludes our considering this claim on petition for writ of habeas corpus.

■ "The line of cases culminating in the *Wainwright* decision require us to enforce a state's valid contemporaneous objection rule absent a showing of 'cause' and 'prejudice.'" *Moran v. Estelle,* 607 F.2d 1140, 1141 (5th Cir.1979). This requirement is not absolute. When the state courts reach the merits of the claim, the federal habeas court may also reach the merits. *Id.* at 1142; *County Court of Ulster City v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). When the state court decision was based on the contemporaneous objection rule, however, considerations of comity require that we refrain from considering the constitutional claim on the merits. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

■ In this case we have no difficulty in determining that the state appellate court's decision was based on the contemporaneous objection rule. The state appellate court affirmed the decision of the trial court without opinion. Had this decision been rendered after an argument on the merits, we should properly conclude from its silence that the appellate court's decision was based on the merits. *Moran v. Estelle,* 607 F.2d at 1143. But McKinon's brief in the Florida District Court of Appeal reveals that McKinon's counsel conceded that the contention was barred by the contemporaneous objection rule.[1] Thus, the only issue before the court was that the claim could not be brought on procedural grounds. Logic forces us to conclude from the silence of the appellate court that the court agreed with the petitioner's counsel that the claim was barred by the contemporaneous objection rule. The Florida court never reached the merits of the claim. As the fifth circuit observed in *Moran v. Estelle,* 607 F.2d at 1143, "At the very least, it would strain logic to assume that an affirmance without written opinion was meant to dispose of the case on the basis of an argument never offered."

Since the appellate court did not reach the merits of petitioner's constitutional claim, Florida's contemporaneous objection rule precludes us from considering the claim now unless there exists both cause for the failure to timely object and actual prejudice to the petitioner. *Wainwright v. Sykes,* 433 U.S. at 91, 97 S.Ct. at 2508; *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976). Petitioner cannot meet these requirements. Trial counsel had access to the preliminary hearing transcript and used it during trial to impeach the witness who had testified at the preliminary hearing. He also introduced substantial additional impeachment evidence, including testimony that the witness was a narcotics addict, had used between two and three bags of heroin on the day of the crime, had a criminal record, and had changed his testimony about the crime under oath. Petitioner has advanced no reason, and we can find none, for counsel's failure to raise the constitutional claim at trial, or how, under the circumstances, the absence of counsel at the preliminary hearing resulted in substantial prejudice to the petitioner.

1. The exact language of the brief was, "Furthermore, a claim of denial of Appellant's rights at preliminary hearing cannot be raised for the first time on appeal from denial of petition to vacate judgment as has been done here. *Sellers v. State,* 249 So.2d 519 (3 D.C.A. 1971)."

## 2

Petitioner's second contention is that the corporeal identification of him at the preliminary hearing, where he was unrepresented by counsel, violated his sixth amendment right to counsel. The lower court, determining that the merits of this claim had been reached by the state courts, concluded that the identification at the preliminary hearing constituted harmless error.

 We agree with petitioner that there is an absolute right to be represented by counsel at a corporeal identification held at a preliminary hearing. *Moore v. Illinois,* 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977); *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). Where the fact of identification at the preliminary hearing is not, of itself, introduced into evidence at trial, however, the at-trial identification constitutes reversible error only if it is based on, influenced by, or tainted from the earlier unconstitutional identification. Where the at-trial identification is based on a source independent of the identification at the preliminary hearing and sufficiently distinguishable from it to be purged of the primary taint, no reversible error exists. *United States v. Wade,* 388 U.S. 218, 241, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149 (1967).

The witness in this case had known the petitioner long before the crime was committed and had spent several hours with the petitioner on the day of the crime. He had an adequate independent basis, apart from the preliminary hearing, from which to identify the petitioner at trial, and we can find no reversible error.

## 3

Petitioner's third contention is that he was convicted of a non-existent offense. He argues that it is impossible to convict for assault with intent to commit second degree murder because conviction for attempt requires intent while absence of intent is an element of the crime of second degree murder.

Florida law, which is controlling on this point, squarely contradicts petitioner's assertions. See *Williams v. Wainwright,* 312 So.2d 552 (Fla. 4th DCA 1975); *Wood v. State,* 251 So.2d 556 (Fla. 1st DCA 1971); *Dallas v. State,* 170 So.2d 486 (Fla. 2d DCA 1965). Under Florida case law, assault with intent to commit second degree murder is defined as an unlawful assault with intent to kill, even without a premeditated design to kill, which is imminently dangerous to the person assaulted, and which evinces a depraved mind regardless of human life. This offense is, quite logically, assault with intent to commit second degree murder because, if successful, it would constitute murder in the second degree. *Dallas v. State,* 170 So.2d at 487.

Finding no merit to petitioner's contentions, we affirm.

AFFIRMED.