PER CURIAM:
 

 Larry Jones, a Georgia state prisoner serving a life sentence for armed robbery and possession of a firearm by a convicted felon, petitioned the United States District Court for the Northern District of Georgia for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging errors of constitutional magnitude in his trial. The district court found no such violation and denied the writ. We affirm.
 

 In the late evening of April 7, 1982, an armed black male and a female robbed James Evans and his wife at their East Point, Georgia apartment. The robbers took Evans’ automobile, a shotgun and numerous other items of personal property. The male wore a mask on the lower part of his face and blindfolded Evans shortly after entering the apartment. Evans could provide the East Point police with only a sketchy description of the male assailant. He stated, however, that he viewed the robber’s eyes and facial features for five to ten seconds in good light before he was blindfolded. Mrs. Evans could provide no description of either intruder.
 

 Shortly thereafter, in the early morning of April 8, 1982, Atlanta police officers investigated a shotgun blast in an Atlanta apartment complex. A security guard reported that he saw the appellant, Larry Jones, running through the area with a shotgun in his hand. The police found Jones in the passenger seat of an automobile and placed him under arrest. A search of this vehicle produced a shotgun and other property taken from Evans’ apartment. Jones told the police that he had placed the property in the car for an unidentified person, but did not know of its origin. Evans’ stolen automobile also was found parked nearby.
 

 At the request of East Point police, Evans attended a preindictment preliminary hearing in Atlanta Municipal Court on April 14, 1982, but was not told that an arrest had been made or the identity of the suspect. Evans was seated in the courtroom waiting for the proceedings to begin when Jones entered with five other individuals. Evans immediately recognized Jones as the person who robbed him and advised an Atlanta police officer of this fact. Evans also identified Jones during the trial and testified about the pretrial confrontation.
 
 [1]
 
 Jones was not represented by counsel at the preliminary hearing.
 

 Jones was indicted, tried and convicted of armed robbery and possession of a firearm by a convicted felon in the Superior Court of Fulton County, Georgia, and received a life sentence. This conviction was upheld on direct appeal.
 
 Jones v. State,
 
 171 Ga. App. 184, 319 S.E.2d 18 (1984). Jones then sought federal habeas corpus relief. His initial petition alleged twenty-three errors in his trial. After the State moved to dismiss for failure to exhaust state remedies, Jones amended his petition to assert only the seven claims presented in his direct appeal. The district court rejected all grounds for relief.
 

 Jones primarily argues that the pretrial identification by Evans was conducted in such a manner as to constitute an imper-missibly suggestive identification in violation of his fourteenth amendment right to due process and his sixth amendment right to have counsel present during the hearing. We agree with the district court that neither of these arguments establishes a valid basis for entitlement to the writ.
 

 
 *1531
 
 A pretrial identification and subsequent in-court identification may amount to a due process violation if the pretrial procedure was “unnecessarily suggestive and conducive to irreparable mistaken identification.”
 
 Stovall v. Denno,
 
 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199, 1206 (1967).
 
 See also Manson v. Brathwaite,
 
 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977);
 
 Neil v. Biggers,
 
 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
 

 On direct appeal, the Court of Appeals of Georgia found that the pretrial confrontation between Evans and Jones was an “unplanned, chance encounter” in the courtroom before the beginning of the preliminary hearing and that the police in no way directed Evans’ attention to Jones.
 
 Jones v. State,
 
 171 Ga.App. at 185, 319 S.E.2d at 20-21. This is a factual finding by a state court of competent jurisdiction and is entitled to a presumption of correctness in subsequent federal habeas corpus proceedings.
 
 See
 
 28 U.S.C. § 2254(d);
 
 Sumner v. Mata,
 
 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).
 

 After a thorough review of the record, we find no basis for rejecting the factual findings of the Georgia appellate court. Evans did not know that Jones would be in the courtroom, but immediately recognized him as he entered the room with several other individuals of the same race. Under these circumstances, the identification was not tainted by an unnecessarily suggestive procedure.
 

 Jones’ second challenge to his identification by Evans is predicated on the sixth amendment right to counsel. He maintains that under Georgia law, a preliminary hearing is a critical stage of a criminal prosecution and therefore he was entitled to have counsel present during the hearing.
 
 See
 
 O.C.G.A. § 17-7-24;
 
 State v. Houston,
 
 234 Ga. 721, 723, 218 S.E.2d 13, 15 (1975);
 
 Mitchell v. State,
 
 173 Ga.App. 560, 560-61, 327 S.E.2d 537, 539 (1985). He then extends this argument to include a right to counsel at any corporeal identification made during such proceedings.
 

 The Supreme Court of the United States and this court have consistently recognized the right to counsel when identifications are made at a preliminary hearing if that hearing constitutes the beginning of adversary judicial criminal proceedings against the defendant.
 
 See Moore v. Illinois,
 
 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977);
 
 McKinon v. Wainwright,
 
 705 F.2d 419, 422 (11th Cir.) (per curiam),
 
 cert. denied,
 
 464 U.S. 896, 104 S.Ct. 247, 78 L.Ed.2d 235 (1983). If a witness identifies the defendant at such a hearing in the absence of defense counsel, a later identification at the trial may nonetheless be valid, provided the witness has an independent recollection of the identity of the defendant apart from the pretrial recognition and provided the prosecution does not elicit testimony about the pretrial identification.
 
 [2]
 

 Moore,
 
 434 U.S. at 225-26, 98 S.Ct. at 463, 54 L.Ed.2d at 432;
 
 McKinon,
 
 705 F.2d at 422. On the other hand, if the prosecution in fact presents testimony at the trial derived from the invalid pretrial identification, then the identification must be suppressed unless the prosecution can prove harmless constitutional error.
 
 Moore,
 
 434 U.S. at 226, 98 S.Ct. at 463, 54 L.Ed.2d at 432.
 

 As noted earlier, we accept the finding of the Georgia court that the confrontation between Jones and Evans was an unplanned chance encounter before the beginning of the preliminary hearing. Since the State of Georgia had not yet commenced judicial proceedings against Jones, his sixth amendment right to counsel recognized in
 
 *1532
 

 Moore
 
 and
 
 McKinon
 
 had not yet attached. The confrontation, therefore, was more akin to a preindictment line-up or show-up, for which there is no federal right to counsel.
 
 See Kirby v. Illinois,
 
 406 U.S. 682, 92 S.Ct. 1877, 82 L.Ed.2d 411 (1972).
 

 Jones contends that to sanction the identification in this case invites the police to orchestrate similar chance encounters in the courtroom and circumvent an accused’s right to counsel. We emphasize that there is no evidence of such an effort by the police here. If such conduct should surface in a future case, the defendant may well have a strong claim for constitutional relief. That is a matter that will have to await resolution if and when it arises.
 

 Even if Jones demonstrated that Evans’ pretrial and trial identification was tainted by the absence of defense counsel at the hearing, we would still uphold the denial of the writ because the identification constituted harmless error under the standard set forth in
 
 Chapman v. California,
 
 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Jones was found in possession of Evans’ property a mere three hours after the robbery and offered no plausible explanation for this possession. This evidence, by itself, is sufficient under Georgia law to support a robbery conviction beyond a reasonable doubt.
 
 See Williamson v. State,
 
 248 Ga. 47, 281 S.E.2d 512 (1981);
 
 Brown v. State,
 
 157 Ga.App. 473, 278 S.E.2d 31 (1981);
 
 Selph v. State,
 
 142 Ga.App. 26, 234 S.E.2d 831 (1977).
 
 See also Cosby v. Jones,
 
 682 F.2d 1373 (11th Cir.1982).
 

 Jones next complains of three jury instructions given in the charge by the state trial court. State court jury instructions ordinarily comprise issues of state law and are not subject to federal habeas corpus review absent fundamental unfairness.
 
 Henderson v. Kibbe,
 
 431 U.S. 145, 154, 97 S.Ct. 1730, 1736-37, 52 L.Ed.2d 203, 212 (1977);
 
 Pleas v. Wainwright,
 
 441 F.2d 56, 57 (5th Cir.1971) (per curiam).
 
 [3]
 

 During cross-examination, Jones attempted to impeach Evans by noting the incomplete and inconsistent description of his assailant. The prosecution made no effort to rehabilitate Evans by establishing his good character. Nevertheless, the trial judge instructed the jury that an impeached witness may be rehabilitated by proof of good character. Jones maintains that he was prejudiced by this instruction because it implied that Evans had good character or, alternatively, it emphasized the absence of any evidence of his own good character. Although this instruction amounted to surplusage as a matter of state law,
 
 see Jones v. State,
 
 171 Ga.App. at 187, 319 S.E.2d at 22, we can find no fundamental unfairness to Jones as the result of the error.
 

 Jones also faults the trial court for its failure to instruct the jury on “equal access” and alibi. The “equal access” doctrine is a rule of criminal law that “merely finding contraband on premises occupied by a defendant will not support a conviction if it affirmatively appears that persons other than the defendant had an equal opportunity to commit the crime.”
 
 Jones v. State,
 
 171 Ga.App. at 187, 319 S.E.2d at 22. This failure to charge on a principle of state law does not rise to the level of fundamental unfairness because equal access was not at issue in this case. Jones told the police officers that he had put the stolen property into the car, but was unaware of its source. Thus, there simply was no evidence that any other person had equal access to the possession of the stolen property.
 

 Nor was there any constitutional error in the failure to instruct on alibi, particularly since Jones did not request such an instruction.
 
 See Henderson v. Kibbe,
 
 431 U.S. at 155, 97 S.Ct. at 1737, 52 L.Ed.2d at 212-13. The court gave proper instructions on the elements of the crime and
 
 *1533
 
 burden of proof, and Jones has demonstrated no prejudice from the absence of a specific alibi instruction.
 

 Jones next cites as error two evidentiary rulings by the trial court. Evidentiary errors again are a matter of state law and are not the subject of federal habeas corpus relief unless violative of federal constitutional standards.
 
 Hall v. Wainwright,
 
 733 F.2d 766, 770 (11th Cir.1984),
 
 cert. denied,
 
 — U.S. —, 105 S.Ct. 2344, 85 L.Ed.2d 858 (1985). Jones objects to the admission of a police mug shot taken shortly after his arrest and to two questions asked by the prosecution about his prior felony conviction. The State introduced the mug shot to demonstrate Jones' appearance at the time of the robbery and asked the two questions to confirm a necessary factual element of the charge of possession of a firearm by a convicted felon. We have reviewed the trial transcript concerning both evidentiary rulings and can discern no constitutional deprivation.
 

 Finally, Jones claims that the trial court improperly refused his request to serve as co-counsel in his case. When this request was made, the trial court responded that Jones was entitled to represent himself, but strongly urged that he permit his appointed counsel to continue their representation. Jones then allowed the appointed lawyers to proceed with the case.
 

 A criminal defendant has a federal right to self representation.
 
 Hance v. Zant,
 
 696 F.2d 940, 949 (11th Cir.),
 
 cert. denied,
 
 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1393 (1983). This right, however, is subject to waiver.
 
 Id.
 
 The colloquy between the trial court and Jones clearly discloses that the court’s advice did not deprive Jones of the right to appear
 
 pro se
 
 and that Jones waived this right when he permitted his lawyers to proceed with the case.
 

 The judgment of the district court is AFFIRMED.
 

 [1]
 

 . The record does not disclose whether Evans identified Jones during the hearing itself. The record does show that the prosecution did not question Evans at the trial about any identification he may have made during this hearing.
 

 [2]
 

 . As an alternative basis for upholding Evans’ identification, the district court and the Georgia Court of Appeals found that Evans’ five- to ten-second opportunity to view his assailant in good light created an independent basis for the identification. Because of our disposition of this case, we need not address this issue.
 

 [3]
 

 . In
 
 Bonner v. City of Prichard,
 
 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.