583 So.2d 736 (1991)
Ella Nora MARTIN, Appellant,
v.
John W. PAFFORD, Appellee.
No. 90-3742.
District Court of Appeal of Florida, First District.
July 23, 1991.
Rehearing Denied August 29, 1991.
*737 Edwin F. Blanton of Dixon, Blanton & Shelley, Tallahassee, for appellant.
Toby S. Monaco, Gainesville, for appellee.
SMITH, Judge.
Martin, who sued Pafford for legal malpractice arising out of her criminal conviction for first degree murder, appeals the final summary judgment entered in favor of Pafford based upon the trial court's determination that suit was time-barred by section 95.11(4)(a), Florida Statutes. We affirm.
In 1981, Pafford represented Martin on a charge of first degree murder. She was subsequently convicted and sentenced to life imprisonment on March 25, 1981. Her appeal was affirmed on January 18, 1982. Martin v. State, 412 So.2d 478 (Fla. 1st DCA 1982).
In 1984, appellant began communicating with Attorney Bradley Stark about filing a motion for postconviction relief. On November 23, 1984, Stark wrote Martin telling her "it appears that your attorney was incompetent." In July 1985, Martin filed a motion for postconviction relief alleging that Pafford had provided ineffective assistance at trial. The trial court denied the motion, but on appeal, this court reversed and granted her a new trial based upon Pafford's ineffective assistance of counsel. Martin v. State, 501 So.2d 1313 (Fla. 1st DCA 1986). Martin was decided on December 23, 1986, rehearing denied February 4, 1987.
On June 12, 1987, Martin filed suit against Pafford for legal malpractice. The parties filed cross-motions for summary judgment. In his motion for summary judgment, Pafford alleged that the statute of limitations had run before suit was instituted. The governing statute, section 95.11(4)(a) provides for a two-year limitations period "which shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." Thereafter, the trial court entered an amended order and final summary judgment rejecting Martin's contention that the statute of limitations did not begin to run until her appeal of the motion for postconviction relief became final. The court ruled that Martin had suffered damage before her appeal was final, and that Martin knew or should have known by at *738 least November 23, 1984, of Pafford's alleged acts or failure to act constituting malpractice and causing such damage.
On appeal, Martin contends that a cause of action for legal malpractice does not accrue until appellate review of the underlying legal proceeding is completed. Zakak v. Broida & Napier, P.A., 545 So.2d 380 (Fla. 2d DCA 1989); and Diaz v. Piquette, 496 So.2d 239 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1042 (Fla. 1987). These cases reason that until that time, one cannot determine if there was any actionable error by the attorney. Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1325 (Fla. 1990). Relying on these cases, Martin contends that until the underlying postconviction proceeding was completed, she could not bring her malpractice suit.
Martin's contentions are without merit for several reasons. First, Martin's argument treats her postconviction proceeding as an extension or continuation of her direct appeal from her criminal conviction, and attempts to make them one "underlying legal proceeding" for purposes of application of this rule, when they clearly are not. A postconviction proceeding is collateral to the criminal action under attack, independent of the original prosecution, Heilmann v. State, 310 So.2d 376 (Fla. 2d DCA 1975), and is civil in nature rather than criminal. Lett v. State, 195 So.2d 608 (Fla. 2d DCA 1967).
Next, a direct appeal in a criminal proceeding, unlike appeals from civil proceedings as in Zakak and Diaz, generally does not establish whether there was any actionable error by the trial attorney. See State v. Barber, 301 So.2d 7 (Fla. 1974) (question of adequacy of representation by counsel could not be raised for the first time on direct appeal from adverse judgment where the matter had not been previously ruled on by trial court).
While the purpose of the subsequent postconviction proceeding was to obtain relief from her criminal conviction on the ground of ineffective assistance of counsel, we find no basis for the contention that Martin had to await the outcome of this proceeding in order to initiate her suit for malpractice. A suit for malpractice accrues when the existence of a redressable harm or injury has been established and the injured party knows or should know of either the injury or the negligent act. Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d at 1325. In this case, the redressable harm occurred when claimant was convicted, sent to prison, and her appeal was affirmed. The redressable harm did not occur when appellant's conviction was reversed as a result of her postconviction proceeding.
Martin's claim of malpractice was not dependent upon appellate reversal of her conviction. Martin was not required to have succeeded in obtaining collateral relief from her criminal conviction before she could civilly sue her attorney for malpractice. If she had not even filed a postconviction proceeding, she would still have been entitled to bring her civil suit for malpractice. Therefore, there is no basis for Martin's claim that she had to await termination of the appellate process following her postconviction proceeding before she could file suit.
Appellant's further reliance on Peat, Marwick, Mitchell & Co. v. Lane is misplaced. That case involved a suit brought by the Lanes against an accounting firm for accounting malpractice as a result of an IRS determination that deductions on their tax return from investments recommended by the accounting firm were not properly deductible and that taxes were owed. The Supreme Court rejected the accounting firm's contention that the commencement of the limitation period occurred when IRS first notified the Lanes of the disallowance of the deductions. Instead, the court ruled that the commencement of the limitation period occurred at the conclusion of the appeals process and the United States Tax Court entered its judgment. The Supreme Court accepted the Third District Court of Appeal's reasoning that when IRS notified the Lanes, they then knew only that the accounting firm might have been negligent. The court held that if the tax court had not upheld the deficiency, the Lanes would not *739 have had a cause of action for accounting malpractice, since there was no redressable injury until that occurred. Here, by contrast, appellant was injured when she was convicted and sent to jail and her appeal affirmed.
We note an additional reason why Peat, Marwick is distinguishable. In that case, the court rejected the accounting firm's contention that an IRS deficiency determination conclusively established an injury, because if that argument were accepted, the Lanes would have been compelled to file their accounting malpractice action alleging the existence of an error in the computation of their taxes while simultaneously challenging the IRS's deficiency notice in their tax court appeal by urging no error. The court found that to accept Peat, Marwick's argument would have placed the Lanes in the wholly untenable position of having to take directly contrary positions in these two actions. Peat, Marwick, 565 So.2d at 1326. No such reason is present in this case, since Martin's position regarding ineffective counsel in her postconviction proceeding and in a malpractice suit would have been entirely consistent.
Finally, we agree with the trial court that Pafford's alleged malpractice became known to Martin on or about November 23, 1984. See Edwards v. Ford, 279 So.2d 851 (Fla. 1973) (cause of action accrued when clients advised that contract was probably usurious).
For the reasons stated, we find that the trial court did not err in granting summary judgment.
AFFIRMED.
JOANOS, C.J., and BARFIELD, J., concur.