CONFESSION OF ERROR

PER CURIAM.
Joan Rosen appeals the summary dismissal of her legal malpractice claim against Thomas E. Cazel, her privately retained attorney in a federal criminal action. Appellant was convicted of mail fraud on April 27, 1993 and sentenced on September 13, 1993. Her conviction was affirmed on appeal on June 7, 1994. Thereafter, Rosen filed a petition for post-conviction relief, alleging ineffective assistance of counsel. The petition was granted on July 11, 1995. On July 10, 1997, appellant filed this legal malpractice action against Cazel. Cazel moved for summary judgment based on the two year statute of limitations for professional malpractice. The trial court granted the motion and dismissed Rosen’s legal malpractice claim *1268 on the authority of Martin v. Pafford, 583 So.2d 736 (Fla. 1st DCA 1991). At the time, Martin was the only Florida appellate decision directly on point.[1] In Margin, the first district held that the limitations period for legal malpractice in a criminal case began to run when the defendant suffered redressable harm — i.e., when the defendant was convicted and sent to prison and her conviction was affirmed on appeal. Id. at 738.
Appellee concedes that the Florida Supreme Court’s recent opinion in Steele v. Kehoe, No. 92-950, — So.2d -, 1999 WL 343071 (Fla. May 27, 1999), supports reversal in this case. Steele resolved the conflict on when the statute of limitations commences in a legal malpractice action arising from criminal prosecution. In Steele, the supreme court first addressed whether a convicted criminal defendant must obtain appellate or post-conviction relief prior to maintaining an action for legal malpractice. After reviewing the policy arguments considered in cases from other jurisdictions, the court decided to follow the majority rule and require appellate or post-conviction relief as a condition to bringing a malpractice claim. The court then set forth a “bright-line rule” that the statute of limitations period on the malpractice action does not commence until the defendant has obtained final appellate or postconviction relief.
Accordingly, we reverse the order granting summary judgment and remand this cause for further proceedings.
REVERSED and REMANDED.
WARNER, C.J., KLEIN and TAYLOR, JJ., concur.

. Subsequently, our court certified conflict with Martín and held that the limitations period on a criminal defendant's claim for legal malpractice begins when postconviction relief based upon ineffectiveness of counsel is granted. Rowe v. Schreiber, 725 So.2d 1245 (Fla. 4th DCA 1999).